IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.  CR-14-239-HE |
| ) | |
| CARLA JO MIRES, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

### Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant Carla Jo Mires and the United States through its undersigned attorneys. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. The parties understand that this agreement is conditioned on the approval of the Tax Division of the United States Department of Justice. This agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any

other federal, state or local prosecuting, administrative or regulatory authority.  If defendant does not accept the terms of this agreement and return a signed copy of the plea agreement to the United States Attorney's Office by 5:00 p.m. on Friday, June 6, 2014, the offer is withdrawn.

### Guilty Plea

2.   Defendant agrees to enter a plea of guilty to a two-count Information, charging her with making and uttering a forged security, in violation of 18 U.S.C. § 513(a), and with making a false statement on a federal income tax return, in violation of 26 U.S.C. § 7206(1).  To be found guilty of violating 18 U.S.C. § 513(a), as charged in Count One of the Information, defendant must admit that: (1) she made, uttered or possessed a forged security, that is, a check; (2) the check was a security of an organization operating in interstate commerce; and (3) she did so with the intent to deceive another person, organization, or government.  To be found guilty of violating 26 U.S.C. § 7206(1), as charged in Count Two of the Information, defendant must admit that: (1) she signed an income tax return that contained a written declaration that it was made under the penalties of perjury; (2) the return contained a false statement, in that her total income for 2008 was substantially higher than the reported amount of $36,342; (3) the defendant knew the statement was false; (4) the defendant acted willfully, that is, with

the voluntary intent to violate a known legal duty; and (5) the statement was material.

## Maximum Penalty, Restitution, and Special Assessments

3.  The maximum penalty that could be imposed as a result of this plea to Count One is not more than ten years' imprisonment, three years of supervised release, and two additional years of imprisonment in the event of a violation of the terms of supervised release, as well as a fine of $250,000.00 and a mandatory special assessment of $100.00. The maximum penalty that could be imposed as a result of this plea to Count Two is not more than three years' imprisonment, one year of supervised release, and one additional year of imprisonment in the event of a violation of the terms of supervised release, as well as a fine of $250,000, a mandatory special assessment of $100, and reimbursement for the costs of prosecution.

In addition to the punishment described above, a plea of guilty can affect immigration status. If you are not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent you from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4.  In addition, the Court must order the payment of restitution to the victims of the offenses. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A,

the parties agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution in favor of Travelers Insurance, in the amount of $126,042.87 and Union Mutual Insurance Company, in the amount of $10,000.00.

The parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution in favor of the Internal Revenue Service ("IRS") in the amount of defendant's relevant conduct for Count Two, determined by reference to the United States Sentencing Guidelines. Defendant understands that this amount may be greater than the tax loss relating exclusively to the count of conviction. Defendant agrees to pay restitution by making an immediate payment in full on or before the date set for sentencing. If the defendant does not have the resources to make an immediate payment in full, she agrees to make payments as ordered by the Court.

Defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest due as restitution. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement. The parties understand that

defendant will receive proper credit for the payments made pursuant to this agreement.

Nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from the defendant for any time period. Defendant agrees that this agreement, and any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for any time period.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will

include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of her supervised release, the Court may revoke her supervised release, and sentence her to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7.  The parties acknowledge that Title 18, United States Code, Section 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

6

The parties stipulate that defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to §3E1.1(a) of the Sentencing Guidelines, if she commits no further crimes and fully complies with all of the other terms of this agreement.  Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and §3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of §3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.  Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant.  And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw her plea of guilty.

It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement.  However, subject to the terms and

conditions of this plea agreement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

    a. Defendant waives her right to appeal her guilty plea, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions

and issues.

      b.    Except as stated immediately below, defendant waives her right to appeal her sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to her case, this waiver does not include the defendant's right to appeal specifically the substantive reasonableness of her sentence;

      c.    Defendant waives her right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) her conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel that relate specifically to the validity of the defendant's guilty plea or the waivers in this paragraph.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

9.    Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to

apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

## Waiver of Claim to Prevailing Party Status

10. Defendant expressly acknowledges that she is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, she voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

## Obligations of Defendant

11. Defendant shall commit no further crimes. It is understood that should defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all her federal criminal violations, including perjury and obstruction of justice.

## The Obligations of the United States

12.   If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States Attorney's Office for the Western District of Oklahoma will not further prosecute defendant for any crimes related to (1) her participation in a scheme to embezzle from Union Mutual Insurance Company from about 2008 until 2013, and (2) her filing of any other false federal income tax returns related to income that she fraudulently received from Union Mutual Insurance Company. This agreement does not provide any protection against prosecution for any crime not specifically described above.

13.   It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of (a) the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing, and (b) the nature and extent of defendant's cooperation with the United States.

## Signatures

14. By signing this agreement, defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms. Further, defendant acknowledges that this document contains the only terms of the agreement concerning her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 6TH day of June, 2014.

**APPROVED:**

SANFORD C. COATS
United States Attorney

_____
SCOTT E. WILLIAMS
Deputy Chief, Criminal Division

_____
TRAVIS D. SMITH
Assistant U.S. Attorney
Western District of Oklahoma
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8700 (Office)

_____
CARLA JO MIRES
Defendant

_____
JOHN A. ALBERTS
Attorney for Defendant